[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Terry Richardson, has filed a Motion to Dismiss the charges against him, claiming that he has not been tried within the time limitations set forth in Connecticut General Statutes (C.G.S.) § 54-82m. Having considered the entire record of this case, the Court finds the defendant's claim to be without merit.
The defendant is charged with Sexual Assault First Degree, (C.G.S. § 53a-70) and Risk of Injury To A Minor (C.G.S. § 53-21), allegedly occurring on May 14, 1992 in West Hartford, Ct. He was arrested on these charges on June 12, 1992 and his case was transferred from Geographical Area Court 16 to the Hartford Judicial District Court. On April 19, 1993, the defendant filed a Motion For Speedy Trial pursuant to C.G.S.54-82m(1) in which he claimed that he was entitled to a trial because he had been incarcerated due to his inability to post bond for eight months since his arrest. On April 22, 1993, a hearing was held on the defendant's motion.[1] At that time, the court (Damiani, J.) addressed the defendant as follows:
 According to the calculations is that the arrest was June 12, 1992; again is excludable time of 112 days. So that the eight months will be up on June 2 to file your speedy trial motion in this matter. You have to be incarcerated for eight months CT Page 8604 continuously without any excludable time. Excludable time is when the case is continued for motions or pre-trial investigation at the request of defense or whatever.
 So, your motion for speedy trial is being denied today. Your period of time would be June 2 to file a speedy trial motion.
Transcript of Proceedings dated April 22, 1993 at page 2.[2]
The defendant, however, did not wait until June 2 to file his motion for speedy trial. Rather, on May 17, 1993, he filed two motions for speedy trial, both under docket number CR92-74685. One motion asserted that he was arrested on "May 19, 1992, June 2, 1993" and the other stated that he was arrested on "June 2, 1992."[3] Additionally, on May 20, 1993, the defendant filed a motion to dismiss the charges in docket number CR92-74685 for failure to commence trial within the time limits of C.G.S. § 54-82m(2). On June 1, 1993, the Court dismissed both motions for speedy trial and the motion to dismiss.
In the instant motion to dismiss, in paragraph number one, the defendant alleges that he was arrested on May 18, 1992 and that judge Damiani "claimed defendant must be in jail one year before he could apply for a speedy trial." As the excerpt from the April 22, 1993 hearing clearly reflects, Judge Damiani made no such statement. According to the clerk's file the defendant was arrested on, May 18, 1992 in docket number CR92-133409, not in docket number CR92-74685. It is apparent from the defendant's motions for speedy trial, that although he filed them under docket number CR92-74685, he has used time periods relating to docket number CR92-133409 in calculating the time within which he should have been brought to trial pursuant to C.G.S. § 54-82m(2).
On April 22, 1993, the Court clearly advised the defendant that the motion for speedy trial could be timely filed on June 2, 1993. However, to date, he has filed no motion for speedy trial in this case on or after June 2, 1993, as instructed by the Court. Therefore, the time limitations of C.G.S. 54-82m(2) have not been violated. Accordingly, the defendant's Motion For Dismissal of Charges For Failure To Comply With Speedy Trial Under Sec. 54-82m of C.G.S., filed CT Page 8605 May 16, 1994 is hereby denied.
IT IS SO ORDERED.
Dated at Hartford, CT. this 25th day of August, 1994.
BY THE COURT,
Espinosa, J.